UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **LINUS AND ANGIE MAYES** | * | **CIVIL ACTION NO. 12-2992** |
| **VERSUS** | * | **JUDGE ELIZABETH E. FOOTE** |
| **FEDEX FREIGHT, INC., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

On October 9, 2013, the court permitted counsel for Plaintiffs Linus Mayes and Angie Mayes to withdraw from the case. (Oct. 9, 2013, Order [doc. # 20]). In the same order, the court allotted Plaintiffs 30 days to enroll new counsel, or to notify the court in writing that they intended to proceed pro se in this matter. *Id*. However, more than 30 days have since elapsed, with no response from Plaintiffs.

Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

To the extent that the applicable statute of limitations may bar Plaintiffs from re-filing the

instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, Plaintiffs have ignored at least one court order. Furthermore, dismissal of the case may be the least sanction where, as here, there is every indication that Plaintiffs no longer wish to pursue their cause of action. Finally, Plaintiffs' unrepentant flaunting of court orders[1] reflects their own contumaciouness or "stubborn resistance to authority"[2] which is personally attributable to them as litigants unrepresented by counsel.[3]

For the foregoing reasons,

---

[1] This report and recommendation itself provides Plaintiffs with further notice of their non-compliance.

[2] *See Millan, supra*.

[3] While the court is aware that Plaintiffs are not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

**IT IS RECOMMENDED** that Plaintiffs' complaint be DISMISSED with prejudice, in its entirety, in accordance with the provisions of Fed.R.Civ.P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 13th day of November 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE