UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LINUS MAYES et al | CIVIL ACTION NO: 12-2992 |
| VERSUS | JUDGE DONALD E. WALTER |
| FEDEX FREIGHT, INC. et al | MAGISTRATE JUDGE HAYES |

### ORDER

Before the Court is a Motion for Spoliation of Evidence [Doc. #39], filed by Defendant, FedEx Freight, Inc. ("FXF"), based on Plaintiffs' alleged "destruction, concealment and/or failure to preserve critical evidence in this case – namely the padlock they allege struck the windshield of their vehicle on the day of the subject accident." Plaintiffs, Linus and Angie Mayes, oppose the motion, arguing that FXF is not entitled to an adverse inference, because FXF cannot prove that Plaintiffs acted in bad faith or intentionally destroyed or concealed the padlock, nor can FXF show that it is prejudiced by the absence of the padlock. [Doc. #41]. According to Plaintiffs, they were driving behind an FXF truck, when a padlock allegedly came off of the truck and struck Plaintiffs' windshield, triggering a chain of events which caused damages to the Plaintiffs, for which FXF should be liable. Sometime thereafter, Linus Mayes allegedly returned to the general vicinity in which the incident occurred and was able to locate what Plaintiffs believe to be the same padlock that struck their windshield. After taking pictures of the padlock, Linus Mayes apparently gave the padlock to Plaintiffs' former counsel. Currently, Plaintiffs claim to have no knowledge of the whereabouts of the padlock, including in whose possession it may be.

An adverse inference based on spoliation, or the destruction of potential evidence, is

predicated on the "bad conduct" of the defendant. *United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000) (citing *Vick v. Texas Employment Comm.*, 514 F.2d 734, 737 (5th Cir. 1975)). The Court finds that there is no evidence of bad faith in this instance. From a practical standpoint, this case surrounds an incident that occurred in 2011, suit was filed in 2012, and the action was dismissed in late 2013 for failure to prosecute or comply with the orders of this Court. [*See* Docs. ## 21, 24]. After enrolling new counsel, Plaintiffs appealed, and the case was ultimately reinstated to arrive at its current posture. [*See* Docs. ## 31, 32]. Without excusing the absence of relevant evidence, the Court merely acknowledges the strong possibility that the padlock was unintentionally lost, misplaced, or even destroyed. On the other hand, the Court has no evidence that any such misplacement or destruction was done in bad faith or with a culpable state of mind and declines to presume such bad faith on behalf of the Plaintiffs.

Even if the Court were to find bad faith and apply an adverse inference based on spoliation, such an inference would not substantially bolster FXF's case. There exists, in the realm of relevant and potentially admissible evidence, deposition testimony from each Plaintiff describing their separate recollections of the padlock in question, as well as photographs allegedly taken of the very padlock at issue in this motion. Plaintiffs are correct that the burden is on the Plaintiffs to prove FXF's negligence by a preponderance of the evidence. Under either article 2315 or article 2317.1, negligence by a thing's owner is established with proof that "something about the thing created an unreasonable risk of injury that resulted in the damage, that the owner knew or should have known of that risk, and that the owner nevertheless failed to render the thing safe or to take adequate steps to prevent the damage caused by the thing." *Teel v. State, Dept. of Transp. and Development*, No. 96-CA-0592 (La. 10/15/96); 681 So.2d 340, 343

2

(quoted source and emphasis omitted). Such proof must come from the Plaintiffs. In light of the facts and circumstances of this case, the Court finds that neither sanctions nor an adverse inference are appropriate. Accordingly, the Motion for Spoliation of Evidence [Doc. #39] is hereby **DENIED**.

**THUS DONE AND SIGNED** this 20th day of August, 2015, in Shreveport, Louisiana.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

3